UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**BOBBY RANDY MOUTON**            **CIVIL ACTION NO. 6:13-cv-3071**

VS.                               SECTION P

                                  JUDGE REBECCA F. DOHERTY

**WARDEN, ST. MARY PARISH JAIL**   MAGISTRATE JUDGE PATRICK J. HANNA

REPORT AND RECOMMENDATION

*Pro se* petitioner Bobby Randy Mouton filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 7, 2013.  When he filed his petition, he was incarcerated in the St. Mary Parish Jail serving the 3-year sentence imposed following his June 2013 conviction for obscenity.[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available State court remedies prior to filing his petition.

*Statement of the Case*

On June 16, 2013 petitioner pled guilty to one count of obscenity. On July 18, 2013 he

---

[1] While this suit was pending, he was apparently released from custody. See https://www.vinelink.com/vinelink/searchResultsAction.do?searchType=offender&siteId=19000&lang_value=en&searchWhere=state&doc=19000|900&agency=1&id=&lastName=mouton&firstName=bobby&dob=&ageRange=0&methodToCall=search as of January 10, 2014. However, it appears that he was released on parole, remains subject to some form of supervision, and is required to register as a sex offender. It will therefore be presumed for the purposes of this Report that he remains "in custody" as defined by the jurisprudence. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968);  *Spencer v. Kemna*, 523 U.S. 1, 12–14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

was sentenced to serve 3-years imprisonment and directed to register as a sex offender upon his release. He complains that his conviction and sentence are unlawful because he was not allowed to cross examine witnesses at the May 16, 2013 preliminary hearing; and, the condition that he register as a sex offender was not part of his plea agreement.

Petitioner did not appeal; nor did he apply for post-conviction relief in the Louisiana courts following his conviction and sentence. [See Doc. 4, ¶¶8-10]

*Law and Analysis*

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254. The statute provides in pertinent part:

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. §2254(b)(1)(A) and (B).

Furthermore, decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. See for example: *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented"

2

the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

By his own admission petitioner has not sought review of his federal *habeas corpus* claims in the Courts of Louisiana. Furthermore, a review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no orders or judgments with respect to petitioner's conviction. Finally, petitioner has not alleged an absence of available remedies or any other facts to establish that he is exempt from the rule of exhaustion. Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

In Chambers, Lafayette, Louisiana January 10, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE